[NOTE. For subsequent proceedings in this matter, see Cases Nos. 1,275 and 1,276.]

---

## Case No. 1,275.

### In re BELLIS et al.

[4 Ben. 53;[1] 3 N. B. R. 496, (Quarto, 124.)]

District Court, S. D. New York. Feb. 2, 1870.

BANKRUPTCY—BOOKS OF ACCOUNT—SPECIFICATION OF OPPOSITION TO DISCHARGE.

1. Where it appeared that the bankrupts, being merchants, had not for ten months kept a cash-book, and that it was impossible to tell from their books what was their financial condition when they suspended business, held, that a discharge must be refused.

2. A specification of opposition to a bankrupt's discharge, averring that the bankrupt had not kept proper books of account in his business, in that such books do not show what moneys were received, or what disposition was made of them, is sufficiently specific to admit evidence that no cash-book whatever was kept for a time.

[3. Cited in Re Archenbrown, Case No. 505, to the point that the test as to whether books are proper books of account is whether a competent accountant could from the books themselves ascertain the debtor's financial condition.]

[4. Cited in Re Jacobs, Case No. 7,160, as to the power of the court to grant leave to amend defective specifications.]

[See In re Smith, 16 Fed. 465.]

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[In bankruptcy. Petition for discharge by Garret S. Bellis and James Milligan, bankrupts. Discharge refused.

[For prior proceedings in this matter, see Cases Nos. 1,274 and 1,276.]

J. N. Piper, for creditors.
Abbett & Fuller, for bankrupts.

BLATCHFORD, District Judge. The discharge of the bankrupts is opposed on the ground, as stated in one of the specifications, that, since the passing of the bankruptcy act, the bankrupts, being merchants or tradesmen, have not kept proper books of account in their business, as required by the said act, in that the true or real condition of their affairs and business cannot be ascertained therefrom; and in that such books do not show what moneys, merchandise and property they purchased or received, or what disposition was made of the same; and in that transactions both of moneys received and property sold, amounting to many thousand dollars, are not entered therein; and in that, in other respects, the books are not proper books of account, considering the business and condition of the debtors, or such as would enable a competent person to determine therefrom the real condition of their affairs.

The bankrupts were merchants engaged in business as copartners, from some time in 1866 until June, 1868. The evidence is clear that they kept no cash-book, or account answering the place of a cash-book, between the 2d of March, 1867, and the 2d of January, 1868, and that it is impossible for a competent book-keeper or accountant to ascertain from the books which they kept what was their financial condition when they suspended business, on the 15th of June, 1868. The keeping of a cash-book by merchants such as the bankrupts were, is indispensable. In re Solomon, [Case No. 13,167;] In re Gay, [Id. 5,279;] In re Littlefield, [Id. 8,398.]

The specification, averring as it does, that the bankrupts have not kept proper books of account in their business, in that such books do not show what moneys were received, or what disposition was made of the same, is sufficiently specific to admit evidence that no cash-book whatever was kept for a period of time. In re Littlefield, [Id. 8,398.] Besides, if necessary, an amendment of the specification would, under the circumstances, be allowed. A discharge is refused.